```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

GEORGE W. BURNS III and SHEILA DIGGS
UTTS,

                Plaintiff,
                                          15 Civ. 8925 (RWS)
     - against -
                                               OPINION

JADE JANELLE JACOBS-TONEY,

                Defendants.

------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/27/16

**Sweet, D.J.**

As set forth in open court, the motion to vacate the default judgment is granted. Accordingly, the motions to strike are denied.

There is no disagreement that the motor vehicle accident underlying this diversity personal injury action occurred in Maryland on November 14, 2013. The Complaint pleads Defendant is a citizen of Virginia, Plaintiff Burns is a citizen of Georgia, and Plaintiff Utts is a citizen of Maryland. Compl. ¶¶ 2, 4, 6. No connection to New York is pleaded or otherwise established.

Under Maryland law, "civil action at law shall be filed within three years from the date it accrues." Md. Code Ann.,

Cts. & Jud. Proc. § 5-101. The applicable statute of limitations therefore does not prejudice Plaintiffs from refiling in an appropriate venue.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 471-72, 105 S. Ct. 2174, 2181, 85 L. Ed. 2d 528 (1985) (quoting <u>Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement</u>, 326 U.S. 310, 319, 66 S. Ct. 154, 160, 90 L. Ed. 95 (1945)). The accident did not occur in the Southern District of New York, and Defendant's minimum contacts with New York have not been established consistent with notions of fair play and substantial justice. <u>See Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement</u>, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945). The motion to dismiss for want of personal jurisdiction is therefore granted.

This opinion resolves ECF Nos. 18 and 22, and the above entitled action is hereby terminated.

It is so ordered.

New York, NY
June 24 2016

_____
ROBERT W. SWEET
U.S.D.J.